BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

**UNITED STATES DISTRICT COURT**

**DISTRICT COURT OF GUAM**

| | |
|---|---|
| R.T.W. AND N.W., BY AND THROUGH THEIR PARENT AND GUARDIAN AMANDA WOOLEY, J.M., BY AND THROUGH HIS PARENT AND GUARDIAN ANDREA MOORE, K.S., BY AND THROUGH HER PARENT AND GUARDIAN MICHELLE SANTOS, M.L. AND N.L, BY AND THROUGH THEIR PARENT AND GUARDIAN REGINE B. LEE, S.D., BY AND THROUGH HIS PARENT AND GUARDIAN CHRISTOPHER DUENAS, M.H., BY AND THROUGH HIS PARENT AND GUARDIAN DEREK A. HORTON, H.R., BY AND THROUGH HER PARENT AND GUARDIAN JESSE REYES, T.D. AND O.D., BY AND THROUGH THEIR PARENT AND GUARDIAN KAMIA DIERKING, K.D., BY AND THROUGH HER PARENT AND GUARDIAN ARLENE DATU, L.G., BY AND THROUGH HIS PARENT AND GUARDIAN JOLENNA GANDAOLI, and M.C. AND T.C., BY AND THROUGH THEIR PARENT AND GUARDIAN JENNIFER C. CAMACHO, <br><br> Plaintiffs, <br><br> vs. <br><br> GUAM SWIMMING FEDERATION, a Guam Corporation, <br><br> Defendants. | CIVIL CASE NO. 1:23-cv-21 <br><br> **COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW** <br><br> **JURY DEMAND** |

# I. INTRODUCTION AND SUMMARY

1. Plaintiffs are a group of swimmers ranging in age from eight-years-old to sixteen-years-old (the "Swimmers") who were sanctioned by the Guam Swimming Federation ("GSF") without notice or process for participating in the Summer Swim Splash competition held in the Philippines earlier this year. GSF forwarded these sanctions to World Aquatics, the international body that governs major swimming events such as the World Championships.

2. In its sanctions, GSF imposed a requirement based on its reading of World Aquatics rules that swimmers must receive GSF approval anytime they wished to travel off-island and swim in any competition. This includes competitions, such as the Summer Swim Splash, which are independently organized and not affiliated with World Aquatics or any World Aquatics member federations.

3. As the Swimmers began exploring their legal options, they discovered that for decades GSF and members of the GSF board have used the power as Guam's only national swimming federation to intimidate, bully, and retaliate against swimmers and parents who did not kiss the ring. GSF and several board members have also amended its bylaws to maintain power and control over national federation resources and to create barriers of entry to teams who threatened this control so that it could continue to hand-pick who represents Guam at international competitions.

4. The Swimmers have brought this action to (a) prevent and address clear antitrust violations arising from GSF's complete control, by unlawful means, over athletes' participation in national and international swimming competitions and its unlawful efforts to have exclusive control over Guam's athletes' ability to participate freely in national and international swimming competitions and to deliberately eliminate all competition from any swim teams not registered

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

with GSF; (b) enjoin GSF from interfering with the Swimmers' eligibility to represent Guam at swimming competitions; and (c) vacate the sanctions imposed by GSF against the Swimmers without notice or an opportunity to be heard in violation of GSF's own bylaws and Code of Conduct.

5.      GSF recognizes itself as the National Federation overseeing the sport of swimming in Guam.  As the recognized federation by the International Olympic Committee ("IOC"), and the IOC's associated committees, and World Aquatics, GSF has the exclusive authority over which athletes are nominated to compete in the Olympic Games and associated international competitions, such as the Pacific Games, and World Championships.

6.      In order to represent Guam at international competitions such as the Pacific Games, athletes must meet specific criteria such as residency and membership with their national federation. GSF prevents individuals from directly joining the federation. Instead, GSF requires athletes to register with a GSF Member Team in order to participate in local and international swim competitions ("Team Rule").

7.      In April 2023, a group of swimmers participated in an independently organized swim meet called "the Summer Swim Splash" held in the Philippines.

8.      The swimmers registered in the competition with Amphibious Aquatics ("Amphibious"). Amphibious is an independent swim team and not a member of GSF.

9.      In response to the children participating in the Summer Swim Splash, GSF appointed an Ad Hoc Committee to investigate the children and coaches to determine whether there was a violation of World Aquatics rules or GSF bylaws and if sanctions were appropriate.

10.      Prior to and throughout this investigatory time period, representatives of GSF repeatedly insisted that the Swimmers' participation in the Summer Swim Splash was a violation

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
 OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **3** OF **27**

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

of World Aquatics rules, asserting that their participation on the swim meet threatened GSF's good standing with World Aquatics.

11. In June 2023, the Ad Hoc Committee cited a World Aquatics rule for the proposition that "GSF has jurisdiction over Federation swimmers who travel for the purpose of competition."

12. The Ad Hoc Committee found that under World Aquatics rules, prior approval from GSF or a head coach was required in order for swimmers to participate in any aquatics competitions held off-island ("Approval Rule").

13. The Ad Hoc Committee recommended sanctioning the swimmers and coaches for allegedly being registered with an independent swim club and a Member Team without the head coach's permission and for participating in the Summer Swim Splash.

14. The Ad Hoc Committee also found that any future violation of the Approval Rule would result in sanctions, including dismissal from the national federation.

15. The Ad Hoc Committee also recommended that GSF amend its bylaws to prohibit swimmers from registering with more than one on-island team. This change prohibits swimmers from registering with a GSF Member Team and also training with an independent swim club.

16. The GSF Board adopted the sanctions and amended its bylaws without holding a meeting.

17. GSF sanctioned the swimmers and coaches without providing any notice or following the procedures that are expressly set out in GSF's bylaws and Code of Conduct.

18. The swimmers have attempted to resolve the sanctions and GSF's unlawful and unnecessary restraint against Guam athletes' participation in swimming competitions. Those efforts have, unfortunately, been unsuccessful.

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
 OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **4** OF 27

19.     The swimmers have been forced to file this suit to vacate the sanctions imposed without any process and for a determination that GSF's control over athletes' participation in swimming opportunities amounts to an unlawful restraint of the ability of athletes to compete freely both nationally and internationally.

20.     This case is about whether GSF unlawfully wields its dominant influence to prevent outside teams from expanding opportunities for swimmers residing on Guam. GSF does so in a manner that not only restricts GSF-teams' competitors in the market of fostering swimmers for national and international swimming competitions from entering this market, but also restricts opportunities for sponsors, licensees, and other related ancillary businesses that would benefit from an increased number of top-tier swim teams to represent Guam's swimmers both nationally and internationally.

21.     Lastly, this case is about whether GSF's unreasonable restraints and consolidated power over the Guam-swimming market have unlawfully restricted the ability of Guam's swimmers from enjoying expanded opportunities to benefit from their own hard work, rather than continuing to suffer under the detrimental limitations brought on by GSF's unlawful rules and policies.

## II.     JURISDICTION AND VENUE

22.     This Court has subject-matter jurisdiction over the first two causes of action under section 4 of the Sherman Act, 15 U.S.C. § 4, and under 28 U.S.C. §§ 1331, 1337.  The third cause of action is based on local law.

23.     Venue is proper in the District Court of Guam pursuant to 28 U.S. Code § 1391 as GSF is a Guam corporation and a substantial part of the events giving rise to the claims occurred in Guam.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

# III.    PARTIES

## A. Swimmers

24.     Plaintiff M.C. is an eight-year-old child and brings the claims by and through his mother and guardian Jennifer C. Camacho.

25.     Plaintiff T.C. is a ten-year old child and brings the claims by and through his mother and guardian Jennifer C. Camacho.

26.     Plaintiff T.D. is an eight-year-old child and brings the claims by and through her mother and guardian Kamia Dierking.

27.     Plaintiff O.D. is an eleven-year-old child and brings the claims by and through her mother and guardian Kamia Dierking.

28.     Plaintiff N.L. is a nine-year-old child and brings the claims by and through her mother and guardian Regine B. Lee.

29.     Plaintiff M.L. is a fifteen-year-old child and brings the claims by and through her mother and guardian Regine B. Lee.

30.     Plaintiff N.W. is an eleven-year-old child and brings the claims by and through her mother and guardian Amanda Wooley.

31.     Plaintiff R.T.W. is a fifteen-year-old child and brings the claims by and through his mother and guardian Amanda Wooley.

32.     Plaintiff S.D. is a ten-year-old child and brings the claims by and through his father and guardian Christiopher Duenas.

33.     Plaintiff H.R. is an eleven-year-old child and brings the claims by and through her father and guardian Jese Reyes.

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
 OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **6** OF **27**

34. Plaintiff M.H. is a ten-year-old child and brings the claims by and through his father and guardian Derek A. Horton.

35. Plaintiff K.D. is a twelve-year-old child and brings the claims by and through her mother and guardian Arlene Datu.

36. Plaintiff L.G. is a thirteen-year-old child and brings the claims by and through his mother and guardian Jolenna Gandaoli.

37. Plaintiff J.M. is a fourteen-year-old child and brings the claims by and through his mother and guardian Andrea Moore.

38. Plaintiff K.S. is a sixteen-year-old child and brings the claims by and through her mother and guardian Michelle Santos.

39. All Plaintiffs and their guardians are residents of Guam.

**B. Defendant Guam Swimming Federation**

40. GSF is a corporation formed pursuant to Guam law with its principal office in Guam.

41. GSF is recognized by World Aquatics ("WA"), formerly Federation Internationale de Natation ("FINA"), and the Guam National Olympic Committee ("GNOC") as the National Federation of Guam overseeing the sport of swimming.

42. Above WA, at the top of the relevant structure, stands the International Olympic Committee ("IOC"), a not-for-profit organization based in Lausanne, Switzerland, which hosts and promotes the Olympic Games and does so primarily through coordination with two technically separate groups of entities.

43. The first group is nation-focused, comprising of two-hundred and six (206) National Olympic Committees "NOCs". The IOC has exclusive authority to recognize NOCs.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

44.     The Guam National Olympic Committee ("GNOC") is the NOC recognized for Guam which is tasked generally with promoting the Olympics and identifying and recommending host cities for the games.  Each NOC retains exclusive authority for representing their respective nations at the Olympic Games and any other competitions sanctioned by the IOC.

45.     The second group is sport-focused, made up of International Sports Federations, the recognition of which falls exclusively under the authority of the IOC. International Sports Federations must comply with the IOC governing Olympic Charter as they administer their respective sports and organize the types and rules of competitions held at the Olympic Games.

46.     The IOC recognizes WA (formerly "FINA") as the governing body for international and Olympic aquatic sports, including: swimming, open water swimming, diving, high diving, water polo, artistic swimming, and masters.

47.     WA develops rules for aquatic sports, keeps world records, holds and sanctions international competitions, and manages aquatic competitions at the Olympics.

48.     WA's members are two-hundred and nine (209) national federations, including GSF, which manage WA relationships as it pertains to sporting disciplines within each participating country.  Member federations, including GSF, must comply with WA rules, ensure their swimmers comply with WA rules, and enforce penalties levied by WA against swimmers and other member federations.

49.     GSF is organized as a collection of *only* member swim teams that compete horizontally with one another, not only nationally, but also in promoting off-island competition opportunities for their respective members.  There are currently five members within GSF, Manhoben Swim Club, Manukai Athletic Club, Tsunami Swim Club, Andersen AFB Marlins Swim Team and Guam Typhoonz Swim Club (collectively "Member Teams").

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
  OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **8** OF 27

Case 1:23-cv-00021   Document 1   Filed 10/05/23   Page 8 of 27

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

50.     Upon information and belief, out of the five (5) total members, only two (2) teams are active and open to civilian residents.

51.     Under GSF, each team has a right to representation by a director and allowed up to two directors, but only one vote per member team.  GSF does not hold general assemblies for its athletes who have no voting power other than those who serve as delegates from GNOC through Guam National Athletes Commission ("GNAC") and share limited voting power.   GNAC representatives may not vote to elect or remove officers or directors, and all athletes are ineligible to hold office as directors or officers for GSF unless specifically authorized by the member team.

52.     GSF requires membership in a Member Team for an athlete to be eligible to join and represent GSF, which is a necessary criterion for eligibility into any competition under IOC and WA. This is significantly different from the approach of other Guam national federations which permit individuals to directly register with the federation such as the Guam Triathlon Federation, the Guam Cycling Federation, and the Guam Track and Field Association.

## IV.     FACTUAL BACKGROUND

### The current state of swimming in Guam

53.     Guam has not had a public pool for several years now. As a result, swimmers and teams without access to military installations have had to partner with private entities such as schools and hotels in order to train in a pool.

54.     There are currently no Olympic distance pools available in Guam, which is the distance that is used during international competitions.

55.     Over the last two years, GSF has hosted less than a handful of swim competitions open to all federation swimmers.  All of these meets were hosted at either Naval Base Guam or Andersen Air Force Base.

56. GSF has prioritized opportunities for elite swimmers competing at WA-sanctioned competitions such as the World Championships. For example, GSF has sent its board members and swimmers to compete in more WA-sanctioned races internationally than it has hosted races locally over the last year.

57. In addition to lack of competition opportunities and access to training facilities, there are currently not enough operating swim teams to accommodate the number of people on Guam who wish to participate on a swim team.

58. Upon information and belief, multiple GSF Member Teams have an extensive wait-list of people who wish to participate on a swim team, but are unable to because the swim teams have reached their maximum capacity.

59. Based on the lack of opportunities for swimmers of all ages and abilities to race locally, swim coaches and parents began exploring opportunities for swimmers to compete within the region and in the United States.

**The Summer Swim Splash**

60. One such opportunity was the "Summer Swim Splash" held in the Philippines. The Summer Swim Splash is part of a series of swim competitions hosted by the Philippines Swim League, which is not a WA-member federation.

61. The Summer Swim Splash is not sanctioned by the GSF, WA, or IOC and is not hosted by an entity affiliated with GSF, WA, or IOC.

62. Approximately twenty swimmers from Guam, some as young as eight-years old, traveled to the Philippines and competed on April 1, 2023.

63. This was the first time for several swimmers to train and compete in an Olympic distance pool.

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **10** OF **27**

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

64. Most of the swimmers registered and competed on behalf of Amphibious, an independent swim club that is not a GSF-member. Two swimmers registered as "unattached" to any particular swim team. None of the swimmers registered in the Summer Swim Splash as members of a GSF Member Team.

**GSF sanctions swimmers without notice for participating in Summer Swim Splash**

65. At the GSF meeting following the Summer Swim Splash, the GSF Board voted to form an Ad Hoc Committee to investigate whether the swimmers and coaches had violated any of its rules. The Ad Hoc Committee was made up of representatives from four (4) of five (5) GSF member-teams.

66. On May 16, 2023, Attorney Shane Black sent a letter to GSF regarding the potential imposition of sanctions on behalf of several swimmers. **Ex. 1. (May 16, 2023 Letter)**

67. Upon information and belief, representatives of GSF (including its President and Vice President) repeatedly insisted that the Swimmers' participation in the Summer Swim Splash was a violation of World Aquatics rules, asserting that their participation on the swim meet threatened GSF's good standing with World Aquatics.

68. On June 21, 2023, Sandra Miller ("Miller"), the Vice President of GSF, sent a letter to Attorney Black and attached the Ad Hoc Committee's Report of the Findings and Recommendations. **Ex. 2.** (GSF Sanctions).

69. In the GSF Sanctions, GSF found that the Swimmers' "willful concealment of the invitation to compete at the Summer Swim Splash[,]" the Swimmers' dual registration with a GSF Member Team and an unaffiliated non-member team (Amphibious), and the fact that they did not swim as "unattached" at the Summer Swim Splash "prejudiced the integrity and autonomy of [GSF] and threatened its standing with the Guam National Olympic Committee and with World

Aquatics." **Ex. 2.** at ¶ 53-54. The implication is that GNOC and WA forced GSF to sanction the Swimmers.

70. In the GSF Sanctions, GSF also found that "[i]t is irrelevant that the Philippines meet was not sanctioned by World Aquatics or that it was sponsored by a nonaffiliated entity." **Ex. 2**. at ¶ 47.

71. The GSF Sanctions repeatedly referenced WA bylaws and General Rules as a basis for its authority to impose sanctions.

72. According to the GSF Sanctions, the Ad Hoc Committee permitted Edwin K. Ching ("Ching") to participate in all phases of its investigation, findings, and recommendations, despite the fact that Ching was a material witness to the issues that the Ad Hoc Committee was investigating.

73. Several of the Ad Hoc Committee "findings" are either false and or misleading. For example, GSF found that swimmers did not swim "unattached" as instructed by Ching. There were several parents who never spoke to Ching before or immediately after their children participated in the Summer Swim Splash. In fact, Ching did not directly communicate at all with most of the parents prior to the Summer Swim Splash.

74. The numerous factual errors that provided a basis for the sanctions could have been avoided if the GSF Board gave the swimmers notice of the allegations against them and an opportunity to be heard, as expressly required by GSF's bylaws and code of conduct. **Ex. 3.** (GSF Bylaws)

75. Instead, the GSF Board adopted the Ad Hoc Committee's findings and recommendations and sanctioned the swimmers without notice, an opportunity to be heard, or a meeting.

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
 OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **12** OF **27**

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

76.     GSF forwarded the sanctions to WA, and WA has published the sanctions included against two coaches on its website.

**GSF relies on WA General Rule 3.2 for its authority to adopt the Approval Rule and threatens sanctions against swimmer who participate in any off-island swimming competition without federation approval**

77.     Upon information and belief, one of the issues that the Ad Hoc Committee struggled with was how to sanction swimmers and coaches who did not receive approval from a GSF Member Team without there being any GSF rule requiring such approval.

78.     The Ad Hoc Committee and GSF turned to WA General Rule 3.2, which provides:

All competitions must have received sanction by the Member where the competition takes place, and all competitors or clubs must have permission from their respective Member.

79.     The Ad Hoc Committee and GSF interpreted Rule 3.2 as "requiring competitors or clubs to have permission from GSF before participating in (sic) foreign meet."

80.     Prior to the Ad Hoc Committee meeting, there had never been a similar rule or requirement for GSF's prior approval to participate in independently organized swim meets contained in the GSF bylaws or articles of incorporation.

81.     The GSF Board has threatened greater sanctions, including dismissal from the federation, against swimmers who compete in any off-island swimming competition without first obtaining federation consent and approval.

**GSF amends its bylaws to prevent swimmers from registering with member teams and on-island independent swim teams**

82.     Prior to the Ad Hoc Committee meeting, there was no rule prohibiting swimmers from registering and training with Amphibious while also being registered with a GSF Member Team.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

83. In response, the Ad Hoc Committee recommended amending GSF bylaws to restrict swimmers from registering with more than "one on-island swim team."

84. The Ad Hoc Committee, which also functioned as the GSF Board, adopted the proposed amendment without conducting a meeting.

85. The GSF Board forwarded its amended bylaws, prohibiting swimmers from registering with a Member Team and an independent swim team, to WA.

**Anti-competitive actions of GSF Member Teams**

86. On April 28, 2023, representatives from Amphibious reached out to Hawaii Swimming Club to seek an invitation to the Keo Nakama Invitational Swim Meet "Hawaii Meet," in order to provide the Swimmers with another opportunity to compete, similar to the Summer Swim Splash.

87. On May 2, 2023, Amphibious received a message from the Hawaii Meet organizers requesting swimmers' names and birthdates as well as coaches and chaperones.

88. Upon information and belief, Ching and another coach with the Manhoben Swim Club who is also the GSF national head coach, contacted the Hawaii Meet director and actively discouraged extending an invitation to Amphibious and swimmers registered with Amphibious.

89. On May 17, 2023, Amphibious received a subsequent email from the Hawaii Meet organizers indicating that Amphibious and its swimmers would no longer be invited to the Hawaii Meet due to the meet director's disappointment with the situation on Guam and the meet director's relationship with particular GSF coaches and officers.

90. Upon information and belief, a member of the Ad Hoc Committee and representative of Tsunami Swim Club contacted a training facility on Guam and actively sought to limit or completely block Amphibious', and by extension the Swimmers', access to the pool.

## GSF nominates, then refuses to approve 4 swimmers from representing Guam in the upcoming Pacific Games

91.     Upon information and belief, T.W., M.L., K.S., and J.M. submitted paperwork to GSF to be considered for representing Guam at the 2024 Micronesian Games and 2023 Pacific Games.

92.     Based on their competition performance, GSF nominated all four (4) swimmers to represent Guam in May 2023.

93.     GSF did not publish or disseminate any minimum qualifying times to swimmers.

94.     GSF did not announce or hold any qualifying meets for swimmers interested in competing in the Pacific Games.

95.     In August 2023, the four swimmers registered with Amphibious.

96.     Based on GSF bylaws, the swimmers were prohibited from being registered with Amphibious, a non-GSF team, concurrently with a GSF Member-Team.

97.     On September 4, 2023, GSF requested confirmation from the four swimmers whether they would be competing in the Pacific Games. All four confirmed that they would.

98.     On September 5, 2023, GSF instructed the four that they were required to fill out a declaration form in order to compete in the Pacific Games. The declaration included a statement that, "I represent a duly affiliated National Federation."

99.     The four swimmers could not sign the declaration because they were forced to leave their GSF team.

100.    Upon information and belief, GSF has not filed its amended bylaws prohibiting swimmers from being registered with an independent swim team and a GSF Member Team at the Department of Revenue and Taxation.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

101.    Based on that failure and the ambiguity surrounding the legal effect of not filing, the swimmers were able to register with a GSF Member Team on or about September 14, 2023.

102.    The swimmers signed the declaration form and submitted them to GSF on or about September 20, 2023. The documents were signed and available several days earlier, but it was unclear who was authorized to receive the documents on behalf of GSF because Ching was off-island.

103.    The next day, GSF informed the swimmers that GSF did not approve their participation in the Pacific Games.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION: SECTION 1 OF SHERMAN ACT

104.    The Swimmers incorporate by reference and re-allege the foregoing paragraphs as if set forth fully in this paragraph.

105.    GSF and its Member Teams have colluded among themselves, through the adoption of the Team Rule, to prohibit individuals from representing Guam at national and international swimming competitions unless they register with a Member Team, without regard to their swimming ability or athletic performance.

106.    GSF and its Member Teams have agreed among themselves through the adoption of the Approval Rule to punish any swimmer who competes in any swim competition held outside of Guam without express approval from GSF or a Member Team head coach. GSF has threatened sanctions against swimmers regardless of whether the competition is independently organized.

107.    GSF and its Member Teams have agreed among themselves through the amendment of new bylaws to prevent swimmers from registering with more than one on-island independent swim club, on-island swim coach, or on-island swim team.

108.    GSF and its Members teams have agreed among themselves through the amendment of new bylaws to require that teams be organized under the laws of Guam and Section 501(c)(3) of the Internal Revenue Code as a condition of admission as a member.

109.    After Amphibious submitted a letter of intent to join GSF, GSF informed Amphibious of this requirement.

110.    GSF has arbitrarily enforced this requirement. Upon information and belief, none of the current member teams are approved by the Department of Revenue and Taxation as tax exempt organizations.

111.    There are no legitimate business justifications or procompetitive benefits for the Team Rule, Approval Rule, or limit on the ability of athletes to register with a federation team and private club.

112.    Upon information and belief, no other national sports federation governing individual sports in Guam imposes similar restrictions on their athletes.

113.    To the extent that there are any benefits to the Team Rule, Approval Rule, or limit on registering with a federation team and private club, those objectives can be achieved through less restrictive means.

114.    The benefits of being a member of GSF are separate and distinct from joining a Member Team.

115.    The primary benefit of GSF membership is being able to participate in local, national, and international swim competitions sanctioned by the GNOC, IOC, and World Aquatics. GSF is the only entity in Guam that has this authority.

116.    The primary purpose of joining a Member Team is for coaching and athlete development.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 ● Fax: (671) 477-9087

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGATNA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

117. Upon information and belief, some athletes live off-island, but pay for and join Member Teams. There is actually no benefit conferred on these athletes, except for maintaining eligibility to qualify for national and international competitions hosted by GNOC, the IOC, and World Aquatics.

118. GSF has made paying for and registering with a Member Team a condition of registering with the national swimming federation.

119. The Swimmers can attest that there is a market for individual membership in GSF without being directly funneled into one of the two civilian Member Teams.

120. This arrangement between GSF and the Member Teams reduces the teams that athletes can train with, creates a barrier to independent swim clubs, and reduces the number of teams and coaches that can form on Guam because of GSF's control over who represents Guam.

121. The Member Rule and Approval Rule affect interstate commerce. Upon information and belief, GSF receives funding for athlete development and travel from sources outside of Guam and uses it solely for the benefit of the Member Teams.

122. Upon information and belief, swimmers who do not reside in Guam register with Member Teams in order to maintain eligibility to represent Guam at national and international competitions.

123. Under the Approval Rule, athletes from Guam are restricted from freely traveling and competing in swimming competitions held in the United States or anywhere else outside of Guam regardless of whether they are recognized by World Aquatics or are independently organized meets.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

124. GSF conspired with its Member Teams to agree to punish any swimmer who competes for any other on-island team or non-sanctioned GSF competition without express approval from GSF or head coach.

125. Controlling registration with other independent swim teams and registration in independent intra- and inter- national swim competitions directly involves commercial activity.

126. Registration with a team or a competition requires paying membership fees and registration fees.

127. Forcing all Guam-swimmers to register with a GSF member-team keeps all Guam-swimming money under GSF control, including money spent by vendors and host-venues when involved with the organization of swim competitions both on and off the island of Guam.

128. Limiting the Swimmers' access to competitions and outside swim teams which provide the swimmers with more access to training resources and competition opportunities significantly affects the Guam-swimming market.

129. GSF's conduct also prohibits anyone who is not a Guam-swimming member from any meaningful participation in the Guam-swimming market.

130. GSF has led a concerted refusal by all GSF Member Teams to allow their member-swimmers to participate in any intra- or inter-national swimming competition, or to register with any on-island swim teams, unless the swimmer first gets approval from GSF or a GSF team head coach.

131. GSF and its Member Teams have carried out a group boycott against the Plaintiffs by agreeing amongst themselves to sanction the swimmers who participated in the Summer Swim Splash competition, and by agreeing to enact sanctions in the future against any swimmers who participate at such competitions or who register with any other on-island team.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

132.    GSF and its Member Teams expressly stated that in the future, such sanctions can include expulsion from GSF.

133.    The area of effective competition which is controlled and monopolized by GSF is the Guam-swimming market.

134.    GSF has exclusive market power within this relevant market, as illustrated by GSF's position that GSF and its member-teams have exclusive approval authority over whether a GSF-registered swimmer is permitted to compete in any intra- or inter-national competitions or is permitted to compete, or train, with any other on-island swim team.

135.    This market power is further exploited by the facts that: 1) swimmers must be registered with a GSF member-team in order to be registered with GSF; and 2) only swimmers who are registered with GSF are permitted to compete in WA-affiliated swim competitions, including the Olympic Games and associated international competitions, such as the Pacific Games, and World Championships.

136.    There is no substitute or equal comparison to the Guam-swimming market that the swimmers are able to participate in as an alternative. In other words, other water sports, such as water polo or diving, is not an equal comparison to the sport of swimming on Guam.

137.    There is already ample evidence of the anticompetitive effect of GSF's concerted group boycott and monopolization, including but not limited to: 1) interference with Amphibious' invitation to the Hawaii Swim Meet; 2) interference with Amphibious' access to training facilities; 3) the Swimmers' loss of opportunity to compete in the upcoming Pacific Games and other internationally-recognized competitions.

138.    The Swimmers have lost significant experiences and opportunities as a result of GSF's anti-competitive conduct.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

139.     The fact that GSF and its Member Teams have hosted so few competition opportunities over the last several years demonstrates that there is no pro-competitive good that justifies their actions or their new bylaw changes.

140.     To remedy GSF's violations of Section 1 of the Sherman Act, as outlined above: GSF must be enjoined from enacting any rule that a) forbids individuals from applying for membership with GSF; b) restricts GSF-registered swimmers' ability to compete on behalf of non-GSF affiliated teams or competing at events that are not affiliated with GSF or World Aquatics, so long as the swimmers are not representing GSF or a GSF team; or that c) grants GSF or GSF Teams with approval authority over 1) intra-national competitions in which swimmers and clubs do not represent a GSF-member team or WA-affiliated team, or 2) international competitions held by independent organizations without involvement from World Aquatics or its member federations, such as GSF or GSF Member Teams.

### SECOND CAUSE OF ACTION: SECTION 2 OF SHERMAN ACT

141.     The Swimmers incorporate by reference and re-allege the foregoing paragraphs as if set forth fully in this paragraph.

142.     GSF, either acting alone or with its co-conspirators, has used exclusionary conduct to obtain and maintain a monopoly in Guam with respect to controlling who gets to represent Guam at national and international competitions. Through its bylaws and under threat of sanction, GSF controls who swims, when they swim, and where they swim.

143.     GSF, either acting alone or with its co-conspirators, has maintained its grip on the swimming community in Guam through the Member Rule, the Approval Rule, and through prohibiting swimmers from registering with more than one on-island swim team or club.

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
 OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

144. As set forth above, GSF has conditioned the ability of swimmers to represent Guam at international competitions on the purchasing of membership with a Member Team.

145. Upon information and belief, GSF has created barriers for interested teams.

146. GSF is exercising its monopoly over the Guam-swimming market to restrict the opportunities available to swimmers, even though GSF and its Member Teams are unable to accommodate the full potential of the Guam-swimming market.

147. Upon information and belief, multiple (if not all) Member Teams have a wait-list of people who wish to participate in Guam swimming, but are unable to due to each Member Team having reached its capacity.

148. Within the Guam-swimming market, GSF has no competitors because there is no equal substitute for competing in internationally-recognized, WA-sanctioned swim competitions, such as the Olympics, the Pacific Games, or other related competitions.

149. Membership in GSF is required in order to participate in such competitions, but GSF has prohibited individual membership in GSF, and has severely restricted swimmers' ability to train and compete with any non-GSF-Member Teams, even though the majority of GSF Member Teams are not currently operational.

150. GSF has not suffered–and will not suffer–from any competitive consequences as a result of their anti-competitive actions because no other entity is able to sponsor swimmers' participation in internationally-recognized, WA-sanctioned swim competitions.

151. Thus, swimmers are forced to either remain a member of a GSF-team, subject to GSF's and the GSF Member Teams' anti-competitive restrictions which severely limit swimmers' opportunities for additional training and competitions, or they are forced to leave GSF and their

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **22** OF **27**

Case 1:23-cv-00021   Document 1   Filed 10/05/23   Page 22 of 27

GSF-team, resulting in the inability to participate in internationally-recognized, WA-sanctioned swim competitions, including the Olympics, Pacific Games, and other related swim competitions.

152. Due to the sanctions issued by GSF, the Plaintiffs were forced into the latter option, which has resulted in GSF finding that four (4) of the Plaintiffs, who would otherwise be eligible based on their swimming qualifications, are not eligible to compete in the November, 2023 Pacific Games.

153. Alternatively, GSF, either acting alone or with its conspirators, has specifically intended to and tried to obtain a monopoly by engaging in exclusionary conduct set forth above. For example, in direct response to a private swim club and the Swimmers traveling to the Philippines to compete in an independently organized swim meet, GSF amended its bylaws to prohibit swimmers from registering with one on-island team and require GSF or head coach consent before swimmers could compete in any off-island swim competition. GSF's exclusionary conduct has resulted in the dangerous probability of success in GSF achieving monopoly power, if it has not done so already.

154. To remedy GSF's violations of Section 2 of the Sherman Act, as outlined above: GSF must be enjoined from enacting any rule that a) forbids individuals from applying for membership with GSF; b) restricts GSF-registered swimmers' ability to compete on behalf of non-GSF affiliated teams or competing at events that are not affiliated with GSF or World Aquatics, so long as the swimmers are not representing GSF or a GSF team; or that c) grants GSF or GSF Teams with approval authority over 1) intra-national competitions in which swimmers and clubs do not represent a GSF-member team or WA-affiliated team, or 2) international competitions held by independent organizations without involvement from World Aquatics or its member federations, such as GSF or GSF Member Teams.

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÁTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

**THIRD CAUSE OF ACTION: DECLARATORY RELIEF (ULTRA VIRES ACTION)**

155. The Swimmers incorporate by reference and re-allege the foregoing paragraphs as if set forth fully in this paragraph.

156. GSF's Code of Conduct ("CC") is incorporated into GSF's bylaws, pursuant to § 12.02 of the bylaws.

157. Section 12.02 of GSF's bylaws states that "[a]ll members, directors, officers, athletes, and officials are subject to, and shall abide by, the Code [of Conduct] or else be subject to discipline."

158. Article 4 of the CC states that "Before any Member or individual is sanctioned, the individual or a representative of the member must be given the right to appear before the [sic] a majority of a quorum of the Guam Swimming Federations either in person or in writing."

159. None of the Swimmers were given the right to appear before a majority of a quorum of GSF, either in person or in writing, in violation of GSF's CC and bylaws.

160. Article 4 of the CC further states that: "The President of the Guam Swimming Federation shall inform the respective Member or individual about this right, in writing, in sufficient time to allow the Member or individual to exercise this right."

161. The President of the Guam Swimming Federation, Edwin Ching, never informed any of the Swimmers about their rights under Article 4, either verbally or in writing, in violation of GSF's CC and bylaws.

162. There is no WA rule which prohibits or limits a swimmer's ability to represent Guam at unaffiliated, non-GSF-sanctioned or non-WA-sanctioned swim competitions, whether nationally or internationally. Despite this, GSF has issued the aforementioned sanctions, which not only violate antitrust law, but were also not issued in accordance with GSF's own bylaws.

163.     Due to GSF's violations of its own bylaws, the Ad Hoc Committee's Report of the Findings and Recommendations must be rescinded for failure to provide due process and comply with the requirements of its bylaws, and the amendment made to GSF bylaw 2.12 must be ruled as void *ab initio*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court issue the following relief:

1.     A declaratory judgment prohibiting, as unlawful, any GSF rule that a) forbids individuals from applying for membership with GSF; b) restricts GSF-registered swimmers' ability to compete on behalf of non-GSF affiliated teams or competing at events that are not affiliated with GSF or World Aquatics, so long as the swimmers are not representing GSF or a GSF Member Team; or that c) grants GSF or GSF Member Teams with approval authority over 1) intra- and inter- national competitions in which swimmers and clubs do not represent a GSF Member Team or WA-affiliated team, or 2) international competitions held by independent organizations without involvement from World Aquatics or its member federations, such as GSF or GSF Member Teams;

2.     A judgment ordering that the Ad Hoc Committee's Report of the Findings and Recommendations be rescinded for failure to provide due process and comply with the requirements of GSF's bylaws, and ordering that the amendment made to GSF bylaw 2.12 is ruled as void *ab initio*.

3.     For attorneys' fees;

4.     For costs of suit; and

//

//

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
 OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **25** OF **27**

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 ● Fax: (671) 477-9087

5.    For such other and further relief as the Court may deem just and proper.

Dated this 5th day of October, 2023.

**BAUMANN, XU and BLACK, LLC**

By:    _____/s/ Shane F.T. Black_____
**SHANE F.T. BLACK, ESQ.**
Attorneys for Plaintiffs


By:    _____/s/ Julia K. Johnson_____
**JULIA K. JOHNSON, ESQ.**
Attorneys for Plaintiffs

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT FOR VIOLATIONS
 OF THE SHERMAN ACT, 15 U.S.C. §§ 1, 2, AND THE COMMON LAW
PAGE **26** OF **27**

## <u>JURY DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all claims and issues so triable.

Dated this 5th day of October, 2023.

**BAUMANN, XU and BLACK, LLC**

By:      /s/ Shane F.T. Black
**SHANE F.T. BLACK, ESQ.**
Attorneys for Plaintiffs

By:      /s/ Julia K. Johnson
**JULIA K. JOHNSON, ESQ.**
Attorneys for Plaintiffs

BAUMANN, XU and BLACK, LLC
238 ARCHBISHOP FLORES ST., SUITE 903
HAGÅTÑA, GUAM 96910
Tel: (671) 477-9084 • Fax: (671) 477-9087